**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-665-RJC-DCK**

| | |
|---|---|
| RYAN O. TRUESDALE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 12) and "Defendant's Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that "Defendant's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**BACKGROUND**

Plaintiff Ryan O. Truesdale ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On September 23, 2009, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq*., alleging an inability to work due

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

to a disabling condition beginning May 1, 2007. (Transcript of the Record of Proceedings ("Tr.") 25). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on December 16, 2009, and again after reconsideration on April 29, 2010. (Tr. 25, 93-96, 104-105). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 104).

Plaintiff filed a timely written request for a hearing on May 18, 2010. (Tr. 25, 114). On January 24, 2011, Plaintiff appeared and testified at a hearing before Administrative Law Judge Russell R. Sage ("ALJ"). (Tr. 25, 38-61). In addition, Kathryn H. Mooney, a vocational expert ("VE"), and Robert A. Whitlow, claimant's attorney, appeared at the hearing. (Tr. 25, 40).

The ALJ issued an unfavorable decision on February 2, 2011, denying Plaintiff's claim. (Tr. 22-34). Plaintiff filed a request for review of the ALJ's decision on March 2, 2011, which was denied by the Appeals Council on August 29, 2012. (Tr. 11-21, 3-5). The February 2, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 3).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 9, 2012. (Document No. 1). Plaintiff's "Motion For Summary Judgment" (Document No. 12) and "Plaintiff's Brief Supporting Motion For Judgment" (Document No. 12-

1), were filed January 17, 2013; and "Defendant's Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 14) were filed March 14, 2013. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile

inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**DISCUSSION**

The question before the ALJ was whether Plaintiff has been under a "disability," as that term of art is defined for Social Security purposes, since September 23, 2009.[2] (Tr. 25). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from September 23, 2009, through the date of his decision, February 2, 2011. (Tr. 34-34).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 32-33).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since September 23, 2009, the application date. (Tr. 27). At the second step, the ALJ found that "status post gunshot wound to left abdomen with nerve damage and mood disorder" were severe impairments. (Tr. 27).[3] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 27-28).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> he requires a sit/stand option with the ability to change positions as needed to accommodate discomfort; he is limited to simple repetitive, routine work with no exposure to ladders, scaffolds, hazardous equipment or unprotected heights; he can only occasionally stoop; and he is limited to only occasional use of leg controls on his left side.

(Tr. 28). In making his finding, the ALJ specifically stated that "he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. The ALJ further opined that "he also considered

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." Id.

At the fourth step, the ALJ found that Plaintiff has no past relevant work. (Tr. 32). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32-33). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included parking lot attendant, photocopier, assembly of plastics and finishing. (Tr. 33). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined by the Social Security Act, since September 23, 2009. (Tr. 33).

Plaintiff on appeal to this Court assigns error to the ALJ's: (1) consideration of treating physicians' opinions; (2) evaluation of complaints of pain; and (3) failure to consider the combined effects of Plaintiff's physical and non-exertional impairments. (Document No. 12-1). The undersigned will discuss each of these contentions in turn.

### A. Treating Physicians' Opinions

In his first assignment of error, Plaintiff argues that the ALJ failed to give proper deference and weight to the opinions of Plaintiff's treating and evaluating physicians. (Document No. 12-1, p.6). Specifically, Plaintiff asserts that the ALJ erred by failing to mention a "Physical Capacities Evaluation" (Tr. 362) completed by Neal S. Taub, M.D. ("Taub"), and by misidentifying the source of a "Physical Residual Functional Capacity Questionnaire" (Tr. 277-281) and/or by failing to give proper weight to the opinion of JoAnn Taylor-Parris, M.D.("Taylor-Parris"). (Document No. 12-1, pp.9-11).

Defendant contends that the opinions of Taub and Taylor-Parris are not supported by clinical or laboratory findings, and are inconsistent with the other substantial evidence in the record; therefore, substantial evidence supports the ALJ's decision to give little weight to these opinions. (Document No. 14, p.4).

First, the undersigned is not persuaded that the ALJ's failure to mention the "Physical Capacities Evaluation" (Tr. 362) in his decision is cause for remand or reversal. There appears to be no dispute between the parties that this evaluation was only considered by the Appeals Council. See (Document No. 14, p.5; Document No. 12-1, p.9). In fact, the record suggests that the "Physical Capacities Evaluation" (Tr. 362), which was completed by Dr. Taub on January 20, 2011, and faxed to Plaintiff's counsel on February 2, 2011, was not available to the ALJ prior to the January 24, 2011 hearing, or the ALJ's February 2, 2011 decision. Plaintiff's counsel provided this document to the Appeals Council on or about March 2, 2011, but it "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 4, 12). The undersigned agrees.

Plaintiff argues that the "Physical Capacities Evaluation" is "corroborated by the results of the MRI scan" on or about June 3, 2010. (Document No. 12-1, p.9). The ALJ clearly considered and discussed the MRI scan and did not find it provided sufficient support for Plaintiff's alleged disability. (Tr. 30). The ALJ opined that the

> examination of the claimant's spine demonstrated that it was straight with no obvious scoliosis or kyphosis noted. A cervical compression test was noted to be negative. A neurological examination of the upper and lower extremities demonstrated 4+/5 strength throughout. His sensation was normal in the arms and legs bilaterally.

Id. (citing Tr. 350-361).

In addition, Defendant notes that Dr. Taub mentioned the MRI on July 6, 2010, "but did not translate the results into any opinion on Plaintiff's limitations or abilities." (Document No. 14, p.5) (citing Tr. 353). The ALJ's decision appears to have thoroughly considered Dr. Taub's opinion. (Tr. 29-31). In the end, the ALJ gave little weight to Dr. Taub's opinion "because it is not consistent with his own treatment notes or the claimant's testimony." (Tr. 31).

The undersigned is also not convinced that the ALJ's misstatement that Physician Assistant Justin Miller completed the "Physical Residual Functional Capacity Questionnaire" (Tr. 277-281) is an error requiring remand or reversal. As Defendant asserts, it appears that the mistaken reference was a harmless scrivener's due to the proximity in the record of the "Physical Residual Functional Capacity Questionnaire" and a letter from Justin Miller. See (Tr. 276-277). Moreover, the ALJ decision cited the correct document. (Tr. 31).

Based on the foregoing, the undersigned finds Plaintiff's specific assignments of error regarding the treating physicians' opinions to be unavailing. The undersigned is persuaded by Defendant's arguments; most specifically, that the ALJ gave proper weight to the physicians' opinions because they were inconsistent with other evidence in the record, including Plaintiff's activities of daily living and hearing testimony. (Document No. 14, pp.3-8).

> Dr. Taub reported that Plaintiff was meeting his current analgesic goal and his functional goals of independence "with basic mobility and self-care skills and caring for his household independently." Id. He had also previously reported that Plaintiff's strength in his lower extremities was 4+/5. (Tr. 354-55). Without any clinical evidence to support the opinion, and in the face of his own contradictory reports, the ALJ reasonably gave little weight to Dr. Taub's opinion that Plaintiff was completely disabled. See Mastro, 270 F.3d at 178 (reasoning that the ALJ may give little weight to a treating physician's opinion if it is unsupported by clinical evidence or inconsistent with the other substantial evidence in the record); Craig, 76 F.3d at 590.
> . . .

8

> In his November 10, 2009 function report, Plaintiff stated that he could maintain his own personal hygiene, prepare food, go out alone, and use public transportation. (Tr. 171-76). In his March 22, 2010 function report, Plaintiff stated that he could maintain his own personal hygiene with a few adjustments and went out walking every day. (Tr. 194-96). At the hearing, Plaintiff testified that he was able to dress, bathe, and shave without problem. (Tr. 48). He stated that around the house he would cook, help with dishes, do laundry, sweep, mop, and vacuum. (Tr. 49-50). Plaintiff also testified that he was attending vocational rehabilitation, which he reached by public bus. (Tr. 46) He testified that he was hoping to get his barber's license so that he could run a full barber's operation (Tr. 46-48) and that he currently gave at least one haircut every day (Tr. 52). Additionally, on February 18, 2010, Physician Assistant Justin Miller stated that Plaintiff was able to do his activities of daily living when on medication. (Tr. 276). In the face of this evidence, the ALJ reasonably concluded that the limitations Dr. Taylor-Parris prescribed were inconsistent with Plaintiff's admitted abilities. (Tr. 31).

(Document No. 14, pp.5, 7).

The undersigned agrees with Defendant's analysis, and finds no error in the weight the ALJ afforded the treating physicians' opinions.

### B.  Complaints of Pain

Next, Plaintiff challenges the ALJ's evaluation of Plaintiff's alleged pain. (Document No. 12-1, pp.11-14). Plaintiff asserts that the record is replete with references to "Plaintiff's chronic, severe, intractable pain." (Document No. 12-1, p.11). Plaintiff contends the remand is warranted because "the ALJ failed to conduct the proper analysis or make the proper findings" pursuant to SSR 96-7p.

It appears that the ALJ here explicitly recognized the requirements of SSR 96-7p. See (Tr. 28-29). The ALJ noted that Plaintiff had testified to "residual pain and leg weakness," and "described his leg pain as constant and pinching." (Tr. 29). Consistent with the provisions of 96-7p cited by Plaintiff, the ALJ then specifically found "that the claimant's medically

9

determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 29); see also, (Document No. 12-1, p.13)

The ALJ opined that "[i]nconsistencies in the record further diminish the claimant's credibility." (Tr. 31). Examples of such inconsistencies included the following: (1) Plaintiff reported he used a cane or walker every day, but his treating source documented that he did not need an assistive device; (2) Plaintiff [42 years old at the time of his application] only worked sporadically, if at all, prior to his alleged disability date; and (3) Plaintiff reported constant pain, but the evidence shows that he consistently failed to take his prescribed medication. (Tr. 31) (citations omitted).

The ALJ's decision reflects that he considered Plaintiff's testimony regarding pain, as well as medical evidence in the record, including Dr. Taub and Mr. Miller's opinions. (Tr. 29-32). The following portion of the ALJ's decision is insightful on this issue.

> While the record as a whole shows that the claimant does experience mild to moderate pain, and to be susceptible to pain if attempting to perform work beyond his functional capacity, a preponderance of the evidence does not establish that the claimant experiences pain of such severity, intensity and duration, or of an intractable nature as to preclude him from performing light work with the restrictions outlined above. The inability to work without some pain and discomfort is not necessarily determinative of the issue of disability in a social security case. The issue is whether the claimant's pain is of such severity as to preclude all work activity.

(Tr. 32).

Based on the foregoing, the undersigned finds that the ALJ's analysis is more than adequate and that it is supported by substantial evidence.

## C. Impairments

Finally, Plaintiff argues that the ALJ erred by failing to consider the combined effect of Plaintiff's physical and non-exertional impairments on his ability to engage in substantial gainful activity. (Document No. 12-1, pp.15-17).

Defendant persuasively asserts that:

> Contrary to Plaintiff's arguments, the ALJ found that Plaintiff suffered from nerve damage resulting from a gunshot wound (Tr. 27), which produced chronic pain (Tr. 32), and included exertional and postural limitations in the RFC as a result (Tr. 28, 32). The ALJ also found that Plaintiff suffered from a mood disorder (Tr. 27) and further limited him to simple, repetitive, routine work (Tr. 27-28). The ALJ did not find that Plaintiff suffered from any other impairments, severe or non-severe.

(Document No. 14, p.12).

The undersigned notes that the ALJ found that Plaintiff's post gunshot wound and mood disorder were "severe" impairments, but specifically concluded that Plaintiff "did not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 27) (emphasis added). In discussing Plaintiff's impairments the ALJ also recognized that Plaintiff had "testified that he is constantly bothered by pain throughout the day." (Tr. 28). The ALJ concluded, however, that despite some clear "limitations in his ability to engage in certain activities." Plaintiff could "perform light level work with the aforementioned limitations" in the RFC. (Tr. 32).

The undersigned does not find that the ALJ's consideration of Plaintiff's impairments merits remand or reversal.

## CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the

Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

### RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 12) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 13) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

### TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 4, 2013

David C. Keesler
United States Magistrate Judge